**VERUS LAW GROUP, APC**
Holly Walker, Bar No.: 178356
Mark N. Strom, Bar No. 134443
2623 W. Manchester Blvd.
Inglewood, CA 90305
Telephone (310) 453-5053
Facsimile (310) 306-7700
e-mail: holly@veruslawgroup.com

Attorneys for WV SPE 2017-2A, LLC, as Assignee of
Guaranty Solutions, LLC, as Assignee of
Darryl Snyder, Trustee of the Edward V. Caraccia
and Lillie Faye Caraccia Trust Dated 9/4/85

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>　　HORMOZ RAMY<br><br>　　　　Debtor. | CASE NO.: 1:20-bk-10276-VK<br><br>Chapter 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY - NONBANKRUPTCY FORUM**<br><br>Date:　　September 23, 2020<br>Time:　　9:30 am<br>Courtroom:　301 |

Movant creditor WV SPE 2017-2A, LLC, as Assignee ("Movant"), submits this Memorandum of Points and Authorities in support of its Motion for Relief from the Automatic Stay.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.　INTRODUCTION**

On or about September 29, 2010, a judgment was entered in the California Superior Court, County of Ventura against Debtor HORMOZ RAMY. Movant, owner of said judgment, seeks relief from stay for the purpose of: (1) amending the application for renewal of its state

1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY - NONBANKRUPTCY FORUM**

court judgment, which has been timely renewed; (2) amending abstracts of its state court judgment; and (3) recording a certified copy of the amended application for renewal to preserve Movant's lien priority on property that secures a debt incurred by the Debtor. As set forth below, relief should be granted because the state court judgment was timely renewed, however, the forms used for the renewal of the judgment contain errors which must be corrected for WV SPE 2017-2A, LLC to maintain its lien priority, which may be accomplished even after the 10-year anniversary of the judgment because state law expiration dates are extended by the Bankruptcy Code's automatic stay. Additionally, relief should be granted under the doctrines of mandatory abstention.

II.     STATEMENT OF FACTS

On or about September 29, 2010, a judgment was entered in the California Superior Court, County of Ventura against Debtor HORMOZ RAMY and in favor of Darryl Snyder, Trustee of the Edward V. Caraccia and Lillie Faye Caraccia Trust Dated 9/4/85, known as case number 56-2010-00377297-CU-UD-SIM, in the amount of 205,575.00 (the "Judgment"). (Declaration of Mark N. Strom ("Strom Decl.") ¶ 2.)

The Abstract of Judgment was issued on the Judgment by the court and recorded in three counties. In preparing the Abstract of Judgment, prior counsel neglected to include the Debtor's last four of his social security number and driver license number, as required on this mandatory form on page one, items 4b and 4c. (Strom Decl. ¶ 3.)

An Abstract of Judgment was recorded on November 10, 2010, by Darryl Snyder, Trustee of the Edward V. Caraccia and Lillie Faye Caraccia Trust Dated 9/4/85 with the Ventura County Recorder's Office, known as Instrument No.: 20101110-00175728-0. (Strom Decl. ¶ 4.)

An Abstract of Judgment was recorded on December 27, 2010, by Darryl Snyder, Trustee of the Edward V. Caraccia and Lillie Faye Caraccia Trust Dated 9/4/85 with the Los Angeles County Recorder's Office, known as Instrument No.: 20101914179. (Strom Decl. ¶ 5.)

2

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM STAY - NONBANKRUPTCY FORUM**

An Abstract of Judgment was recorded on May 18, 2011, by Darryl Snyder, Trustee of the Edward V. Caraccia and Lillie Faye Caraccia Trust Dated 9/4/85 with the Riverside County Recorder's Office, known as Instrument No.: 2011-0218655. (Strom Decl. ¶ 6.)

On January 29, 2013, Darryl Snyder, Trustee of the Edward V. Caraccia and Lillie Faye Caraccia Trust Dated 9/4/85, assigned the Judgment to Guaranty Solutions, LLC, an Arizona limited liability company. (Strom Decl. ¶ 7.) On April 5, 2019, Guaranty Solutions, LLC renewed the Judgment in the amount of $380,928.59, inclusive of accrued interest and post-judgment costs. In renewing the Judgment, prior counsel neglected to include a listing of the three Abstracts of Judgment that were previously recorded, as described above. (Strom Decl. ¶ 8.)

On May 22, 2020, Guaranty Solutions, LLC, an Arizona limited liability company assigned the Judgment to WV SPE 2017-2A, LLC, a California limited liability company. WV SPE 2017-2A, LLC, a California limited liability company, as Assignee, is currently the holder and owner of the Judgment. (Strom Decl. ¶ 9.)

On or about February 4, 2020, Debtor HORMOZ RAMY filed the instant Bankruptcy case. Debtor has erroneously omitted the Judgment from his schedules in the instant Bankruptcy Petition. (Strom Decl. ¶ 10.)

The judgment would have expired on September 29, 2020. Prior counsel timely renewed the Judgment on April 5, 2020, but in so doing, neglected to include the abstracts in the renewal application and neglected to include debtor's social security number and driver license number in the abstracts. Thus, to preserve its lien priority, movant must obtain a court order from state court for leave to amend the application for renewal of judgment and to record certified copies of the renewals in Ventura, Los Angeles and Riverside counties. (Strom Decl. ¶ 11.)

Movant seeks relief from the automatic stay for the purpose of amending the application for renewal of its state court judgment, which was timely renewed, amending abstracts of its state court judgment, and for recording a certified copy of the amended

application to preserve Movant's lien priority. (Strom Decl. ¶ 12.) Counsel just recently received this file from Movant, and has immediately moved for relief from stay. (Strom Decl. ¶ 13.)

Neither the Debtor nor the Trustee will be unduly prejudiced by the motion because Movant only seeks relief for the limited purpose of correcting its renewal of the state court judgment and recording the lien. Movant agrees to stay enforcement of the underlying state court judgment for all purposes as to the Debtor's personal liability or liability of the estate with regard to the Judgment. (Strom Decl. ¶ 14.)

Given the existence of the state court Judgment as evidenced herein and the limited relief sought by Movant, Movant has established a *prima facie* case for the granting of its motion for relief from the automatic stay to be able to correct its renewal of the state court Judgment. (Strom Decl. ¶ 15.)

### III.    CAUSE EXISTS TO GRANT RELIEF FROM STAY

11 U.S.C. § 362(d)(1) of the Bankruptcy Code provides that a court shall grant relief from the stay "for cause, including the lack of adequate protection of an interest in property." Thus, "[o]ther than the absence of adequate protection, § 362(d)(1) does not provide guidance as to what constitutes 'cause' which justifies relief from the automatic stay." *In re Mirant Corp., et al.*, 303 B.R. 319, 330 (Bankr. N.D. Tex. 2003). Accordingly, "cause" is "an intentionally broad and flexible concept." *Sterling Bank & Trust v. Merchant (In re Merchant)*, 256 B.R. 572, 575 (Bankr. W.D. Penn. 2000). What constitutes "cause" for lifting the automatic stay must be determined on a case-by-case basis. *Coleman v. Aegis Mort. Corp. (In re Coleman)*, 1999 U.S. Dist. LEXIS 15635, *5 (N.D. Tex. 1999). Additionally, the legislative history of § 362(d)(1) provides, in pertinent part, that "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from any duties that may be handled elsewhere." H.R. Rep. No. 595, 95th Cong., 1st Sess. 341 (1977).

///

A.  **Abstention Applies.**

In addition to the "cause" raised above, further cause may exist for lifting the automatic stay where a bankruptcy court may or must abstain from deciding issues in favor of a pending state court action. *In re Castlerock Properties*, 781 F.2d 159, 163 (9th Cir. 1986). 28 U.S.C. § 1334(c) sets forth when a bankruptcy court must and may abstain in favor of state court adjudication of an issue. Specifically, Section 1334(c)(2) provides, in pertinent part, that "[u]pon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction." ("Mandatory Abstention").

Additionally, Section 1334(c)(1) provides that: "Except with respect to a case under chapter 15 of title 11 [11 USC §§ 1501 et seq.], nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." ("Permissive Abstention"). This provision demonstrates that "the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case." *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987.)

There are seven required elements for Mandatory Abstention to apply: (1) a timely motion; (2) a purely state law question; (3) a non-core proceeding that is merely a proceeding related to a bankruptcy case; (4) no basis for federal jurisdiction apart from the bankruptcy case; (5) a pending action in state court; (6) the state court action can be timely adjudicated; (7) appropriate jurisdiction exists in the state forum. *Sedlachick v. National Bank (In re Kold Kist Brands, Inc.)*, 158 Bankr. 175, 178 (C.D. Cal. 1993.)

Here, all of the above elements are satisfied. Specifically, with regard to the first, second, fourth, fifth and seventh elements, this motion is timely brought and seeks relief from stay to proceed with a renewal of the state court judgment.

With regard to the third element, the judgment "relates to" the Bankruptcy but does not "arise under" the Bankruptcy Code or "arise in" the Bankruptcy. Thus, it is not a core proceeding. See 28 U.S.C.A. § 157(b); *In re Wood, supra*, 825 F.2d at 97. Finally, the sixth element is also met as the corrections to the renewal of judgment can be accomplished timely, as discussed below. Therefore, cause exists to grant relief from stay.

**B.    A Discharge In Bankruptcy Would Not Affect The Lien.**

A discharge in Bankruptcy would not affect Movant's *in rem* remedies to foreclose on its judgment lien. 11 U.S.C. § 522(c)(2); *also see, Johnson v. Home State Bank* (1991) 501 U.S. 78, 83, 111 S. Ct. 2150, 2153 [Chapter 7 discharge in bankruptcy eliminates a personal liability, but it does not affect a lien that provides security for the debt.]

Movant seeks relief to record corrected certified copies of the application for renewal of judgment, which extends Movant's lien priority from the date of the recorded Abstracts of Judgment. *See,* California *Code of Civil Procedure* § 683.180(a) (judgment lien extended for 10 years from date of the filing of application if a certified copy of the application for renewal is recorded where the real property subject to the judgment lien is located before the judgment lien expires).

**C.    State Law Expiration Dates Are Extended By The Automatic Stay.**

As noted above, the Judgment would have expired on September 29, 2020. Prior counsel timely renewed the Judgment on April 5, 2020, but in so doing, neglected to include the abstracts in the renewal application and neglected to include debtor's social security number and driver license number in the abstracts. Thus, to preserve its lien priority, these items must be corrected. This may be accomplished, even after the 10-year anniversary of the judgment, because state law expiration dates are extended by the Bankruptcy Code's automatic stay.

11 U.S.C. section 108©) extends the period in which to renew a California judgment by 30 days after the creditor has received notice that the stay has terminated, where the judgment expires during the pendency of the debtor's bankruptcy case. *In re Spiritos* (9th Cir. 2000) 221 F.2d 1079. This case is cited by with approval California courts, e.g., *Inco Development Corp. v. Superior Court* (2005) 131 Cal.App. 4th 1014.

*Likewise, In re Swintek* 906 F.3d 1100 (2017) holds that a state law expiration date is extended by the Bankruptcy Code's automatic stay. Specifically, the case holds that Bankruptcy Code section 108©) applies to afford a prepetition judgment creditor an additional 30 days after termination of the automatic stay of Bankruptcy Code section 263(a) to preserve a lien, created prepetition under California law upon service of an order for appearance and examination, which otherwise would have lapsed during the bankruptcy proceedings a year after its creation, unless renewed by the California court. Under the reasoning of Swintek, it follows that a judgment lien on an interest in real property, such as the lien at issue in the instant case, which otherwise would have lapsed during the bankruptcy proceedings (under CCP sec. 683.180) may be timely renewed up to 30 days after the termination of the automatic stay.

## IV. CONCLUSION

Based on the foregoing, Movant respectfully requests that its Motion for Relief from the Automatic Stay be granted.

Respectfully submitted,

VERUS LAW GROUP, APC

Dated: August 24, 2020       By: _____
Holly Walker
Mark N. Strom
Attorneys for Creditor WV SPE 2017-2A, LLC, as Assignee