STEVEN T. GUBNER - Bar No. 156593
TAMAR TERZIAN- Bar No. 254148
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:  sgubner@bg.law
        tterzian@bg.law

Attorneys for David Seror,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

In re

HORMOZ RAMY,

          Debtor.

Case No. 1:20-bk-10276-VK

Chapter 7

**OPPOSITION TO MOTION FOR RELIEF FROM STAY NON-BANKRUPTCY FORUM FILED BY JUDGMENT CREDITOR, WV SPE 2017-2A, LLC**

DATE:  September 23, 2020
TIME:  9:30 a.m.
PLACE: 21041 Burbank Boulevard
       Courtroom 301
       Woodland Hills, CA 91367

1

**TO THE HONORABLE VICTORIA S. KAUFMAN, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

David Seror, the Chapter 7 Trustee, hereby submits his opposition to the motion for relief from automatic stay, to amend its application for renewal and amendment of its state court judgment, to record a certified copy of the amended application for renewal prior to September 29, 2020 and preserve it's lien priority against Debtor's real property (the "Motion") filed by WV SPE 2017-2A, LLC (hereinafter, sometimes referred to as "Judgment Creditor" and/or "Movant").

**I.**

**INTRODUCTION**

Debtor was named as a defendant in the State Court case of *Darryl Snyder, Trustee of the Edward V. Caraccia and Lillie Faye Caraccia Trust dated 9/ 4/85 v. Hormoz Ramy and Salem Arnout*, in the Superior Court of State of California, County of Ventura (the "State Court Action").

Judgment was entered on September 29, 2010, against Debtor and Salem Arnout (the "Judgment"). Movant owns the judgment lien against Debtor's real properties.

Through its Motion, Movant seeks relief to amend its application for renewal of the judgment and amendment of the abstract of judgment which prior counsel neglected to include Debtor's last four of his social security number and driver license number. On May 22, 2020, Guaranty Solutions, LLC, an Arizona limited liability company assigned the Judgment to WV SPE 2017-2A, LLC, a California limited liability company. WV SPE 2017-2A, LLC, a California limited liability company, as Assignee, is currently the holder and owner of the Judgment.

As discussed below, Debtor filed the instant Bankruptcy case, and because the Judgment failed to include the last four of his social security number and his driver license number, Movant's lien is avoidable. Therefore, Movant's Motion should be denied and its lien deemed subordinate to the Estate's interest.

/ / /

/ / /

/ / /

## II.

## **MOVANT SHOULD NOT RECEIVE THE BENEFIT OF A PRIORITY LIEN BY AMENDING ITS ABSTRACT OF JUDGMENT**

**A. Movants Defective Abstract of Judgment Violates CCP 674(b) and Any Amendment Post-Petition Is A Direct Violation of the Automatic Stay**

Under California law CCP 674(b), "an abstract of a judgment or decree requiring the payment of money shall be certified by the clerk of the court where the judgment or decree was entered and shall contain all of the following….

(6) The last four digits of the social security number and driver's license number of the judgment debtor if they are known to the judgment creditor. If either or both of those sets of numbers are not known to the judgment creditor, that fact shall be indicated on the abstract of judgment." See California Civil Procedure §674(b).

The very purpose of CCP § 674.6 is not only to provide constructive notice of liens, but requires the abstract to include a judgment Debtor's social security number and driver license number to avoid "clouding innocent people's title" who happen to have names similar to judgment debtors. *In re Conceicago*, 331 B.R. 885, 331 B.R. 885 (9th Cir. BAP 2005). In *Conceicago*, Judgment Creditor was prohibited from amending its judgment because doing so would violate the automatic stay. Pursuant to Bankruptcy Code Section 362(a)(4), a creditor is prohibited from performing "any act to create, perfect, or enforce any lien against property of the estate." See 11 U.S.C. §§ 362(a)(4).

As Movant concedes in this case, the original abstract of judgment and renewal recorded did not comply with California Code of Civil Procedure, § 674.6. For the Court to allow an amendment would be a violation of the automatic stay. Movant can wait until the automatic stay has expired, in which case 11 USC 108(c) extends the period in which to renew the judgment until 30 days after the creditor has received notice that the stay has ended. *See In re Spiritos,* 221 F3d 10789, 1080-1082 (9th Cir. 2000).

**B. The Trustee has the power to avoid Movants Abstract of Judgment**

Bankruptcy Code Section 544(a)(3) gives the Trustee the power to avoid any recording of

abstract of judgment, ultimately giving the Trustee the rights of a bona fide purchaser of real property.

The Ninth Circuit in *In re Varner*, held that debtor in possession cannot avoid a judgment creditor's lien under § 544(a)(3) when the creditor recorded its abstract of judgment pursuant to California Code of Civil Procedure § 674(a), listed the debtor's social security and driver's license numbers as "unknown," and had no knowledge of the social security and driver's license numbers at the time the abstract was recorded or at any time prior to the bankruptcy filing.

Here, admittedly, Movant failed to record its abstract of judgment listing the Debtor's Social Security and Driver's license numbers and had knowledge of the of the social security and driver's license numbers at the time the abstract was recorded, and at any time prior to the bankruptcy filing.

California Code of Civil Procedure section 674(b) makes it clear that an abstract of judgment is junior in priority to the rights of a bona fide purchaser. Accordingly, any judgment lien created by an abstract of judgment not containing a Social Security or driver's license number is avoidable pursuant to section 544(a)(3). *See In re Varner*, 219 B.R. 867, (BAP 9th Cir. 1998), citing, *In re Kim*, 161 B.R. 831, 835 (9th Cir. BAP 1993). In *Varner*, the Court held that where the initial judgment lien failed to note the social security number and driver's license number of the debtor, and thus the lien was void and unenforceable.

Based on the foregoing, the rights of the bankruptcy estate are superior to the rights of any judgment creditor whose abstract of judgment fails to list an identifying number. *Id*. The creditor can protect itself only by filing an Amendment to Abstract, pursuant to the California statute, *before* the filing of the bankruptcy. *See In re Varner*, 219 B.R. 867, (BAP 9th Cir. 1998). Again, Movant had ample opportunity before the filing of the bankruptcy case to renew and properly record its Abstract of Judgment. Therefore, the Court should deny Movant's motion to amend its abstract of judgment giving it priority interest in the assets of the Estate.

**C. Movant fails to establish that Cause Exists To Renew Its Defective Abstract of Judgment.**

Movant has failed to establish why cause exists under Section 362(d) for relief from the automatic stay. While relief from the automatic stay is generally granted to proceed with a non-

bankruptcy action in State Court, here, the Estate will be prejudiced if relief is granted, and Movant is entitled to renew its Abstract of Judgment, which would entitle Movant to have a priority interest in Debtor's real property.

The prejudice to Estate is not overcome as Movant provides no basis establishing "Cause" to renew its defective Abstract of Judgment.

**D.  Cause Does Not Exist for This Court to Abstain From Determining the Validity of Movant's Lien.**

Movant has failed to establish the elements of abstention under the facts and circumstances of this case.  Contrary to Movant's motion, the mandatory abstention requirements do not all apply, in particular elements (2) and (8) appropriate jurisdiction.

In Tucson Estates, the Ninth Circuit has set forth factors to consider whether a bankruptcy court should abstain and lift stay for litigation in a nonbankruptcy forum.  The factors are: (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case (this factor favors abstention/stay relief because the determination of the claims is remote to the main bankruptcy case), (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties. *In re Tucson Estates, Inc.*, 912 F.2d at 1166-1167.

Here, the elements in *Tucson* are not satisfied and therefore this Bankruptcy Court has jurisdiction and need not abstain.  In this case, the priority of Movant's lien is not solely a state law issue.

Further, the bankruptcy court has subject matter jurisdiction in this dispute because the real property that Movant is seeking to assert a lien that was never expressly abandoned under section 554(a) or (b) nor was it automatically abandoned under section 554(c) as the case has not been closed. *See* 11 U.S.C. § 554. If the Chapter 7 trustee abandons it, the bankruptcy court would still have jurisdiction because the real property appears to be claimed exempt by Debtor. These issues are sufficiently related to the bankruptcy case to give the bankruptcy court subject matter jurisdiction. *See* 28 U.S.C. § 1334(b).

Therefore, this matter is properly before the Bankruptcy Court. This Court need not abstain from determining whether Movant can amend and record its Judgment lien.

## III.

## **CONCLUSION**

For the foregoing reasons, the Trustee requests that the Court deny the motion for relief from automatic stay for Movant to amend and renew its Abstract of Judgment, ultimately giving the Movant a priority lien against Debtor's real property.

DATED: September 9, 2020				BRUTZKUS GUBNER


						By:	/s/Tamar Terzian
							Tamar Terzian
							Attorneys for, David Seror, Chapter 7 Trustee

### DECLARATION OF DAVID SEROR

I, David Seror, declare:

1. I am an attorney at law, duly qualified and licensed to practice before this Court and I am the duly-appointed, qualified, and acting Chapter 7 trustee in the bankruptcy case of the above-named Debtor. I have personal knowledge of the facts set forth herein and if called as a witness I could and would testify competently thereto.

2. I make this declaration in support of the "Opposition to Motion for Relief From the Automatic Stay-Nonbankruptcy Forum Filed By Judgment Creditor, WV SPE 2017-2A, LLC," (the Opposition").

3. Movant seeks relief to amend its application for renewal of the judgment and amendment of the abstract of judgment which prior counsel neglected to include Debtor's last four of his social security number and driver license number. On May 22, 2020, Guaranty Solutions, LLC, an Arizona limited liability company assigned the Judgment to WV SPE 2017-2A, LLC, a California limited liability company. WV SPE 2017-2A, LLC, a California limited liability company, as Assignee, is currently the holder and owner of the Judgment.

4. Debtor filed the instant Bankruptcy case, and because the Judgment failed to include the last four of his social security number and his driver license number, Movant's lien is avoidable. Movant had ample opportunity before the filing of the bankruptcy case to renew and properly record its Abstract of Judgment. Therefore, the Court should deny Movant's motion to amend its abstract of judgment giving it priority interest in the assets of the Estate.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed this 8th day of September, 2020 at Woodland Hills, California.

_____
DAVID SEROR

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, California 91367.**

A true and correct copy of the foregoing documents entitled: **OPPOSITION TO MOTION FOR RELIEF FROM STAY NON-BANKRUPTCY FORUM FILED BY JUDGMENT CREDITOR, WV SPE 2017-2A, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On **September 9, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Jessica L Bagdanov     jbagdanov@bg.law, ecf@bg.law
- Casey Z Donoyan     cdonoyan@hrhlaw.com
- Steven T Gubner     sgubner@bg.law, ecf@bg.law
- Raffi Khatchadourian     raffi@hemar-rousso.com
- Siamak E Nehoray     mac@nehoraylegalgroup.com
- David Seror (TR)     aquijano@bg.law, C133@ecfcbis.com
- Tamar Terzian     tterzian@bg.law, ecf@bg.law
- United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov
- Holly Walker     holly@veruslawgroup.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 9, 2020 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

*June 2012* **F 9013-3.1.PROOF.SERVICE**